UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| LAVON JONES, JR. | CIVIL ACTION NO. 14-3175 |
| VERSUS | JUDGE ROBERT G. JAMES |
| STEEL FABRICATORS OF MONROE, LLC. | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

Pending before the Court is Plaintiff's "Motion for Preliminary Injunction Pursuant to Federal Rule of Civil Procedure 65(a) and Local Rule 65.1(b)" ("Motion for Preliminary Injunction") [Doc. No. 18].

Although Plaintiff has styled his motion as a request for a preliminary injunction, he complains that Defendant's counsel has issued subpoenae duces tecum to third parties and that he will suffer "irreparable harm" if Defendant is allowed to obtain information "from his background, prior and existing case subjecting him to adverse action." [Doc. No. 18, p. 4].

To obtain a preliminary injunction, a plaintiff must show that it "is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiff cannot meet this showing.

In this case, Plaintiff has alleged nothing more than a discovery dispute that he has with opposing counsel. Federal Rule of Civil Procedure 26(b) allows a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). The information sought need not be admissible at trial "if the discovery appears

reasonably calculated to lead to the discovery of admissible evidence." *Id.* The United States Supreme Court has recognized that the discovery rules "are to be accorded a broad and liberal treatment." *Hickman v. Taylor*, 329 U.S. 495, 507–508 (1947). The party resisting discovery must show specifically how each request is not relevant or otherwise objectionable. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). Plaintiff has failed to do so in this case.

Further, Plaintiff has failed to show that he is subject to irreparable harm based on some idea that his information might be obtained by others who might use the information for purposes of identity theft or fraud. Thus,

IT IS ORDERED that Plaintiff's Motion for Preliminary Injunction is DENIED.

However, in light of Plaintiff's *pro se* status, this matter is hereby REFERRED to Magistrate Judge Hayes to address the discovery dispute raised in his motion.

MONROE, LOUISIANA, this 18th day of August, 2015.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE