UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **LAVON JONES, JR** | **CIVIL ACTION NO. 3:14CV3175** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **STEEL FABRICATORS OF MONROE LLC** | **MAGISTRATE JUDGE HAYES** |

**MEMORANDUM ORDER**

On February 18, 2015, the Court denied Plaintiff's Motion for Appointment of Counsel. [doc. # 10]. On August 26, 2015, Plaintiff filed the instant Motion seeking reconsideration of the Order denying his Motion for Appointment of Counsel and Temporary Stay of all Proceedings. [doc. # 24]. For reasons that follow, Plaintiff's Motion for reconsideration is **DENIED** and Motion for Stay of the Proceedings is **DENIED** as moot.[1]

In his Motion for reconsideration of the Order denying his Motion for Appointment of Counsel, Plaintiff essentially asserts three grounds to support reconsideration. Plaintiff argues (1) "his income and financial burdens has gotten [sic] worse"; (2) "he has diligently request[ed] an attorney"; and (3) "he doesn't have the mental capacity to sustain representing himself." *Id.* at 1-2.

Generally, "[m]otions to reconsider are analyzed under Rule 59(e) of the Federal Rules of Civil Procedure." *McDonald v. Entergy Operations, Inc.*, 2005 WL 1528611, at * 1 (S.D. Miss. May 31, 2005). Rule 59(e) motions "serve the narrow purpose of allowing a party 'to correct

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

manifest errors of law or fact or to present newly discovered evidence.'" *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (citation omitted). The three factors typically considered by district courts in evaluating motions filed under Rule 59(e) are: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

Here, Plaintiff's Motion does not address or allege any new evidence or change in circumstances that would warrant this Court to reconsider any of its previous bases for denying appointment. First, Plaintiff argues that he should be appointed counsel because he is unable to afford counsel. [doc. # 24, p. 1]. This argument is not determinative because all plaintiffs must be "unable to afford counsel" in order for the court to request an attorney to represent them. 28 U.S.C.A. § 1915(e)(1).

Plaintiff's second basis for reconsideration is that despite his diligent efforts, his quest to retain counsel has proved fruitless. Plaintiff, states that he has sought counsel through "countless . . . legal websites, EEOC attorney referrals, Pro Bono organizations, Bar Association[s], Legal Assistance Programs and etc." [doc. # 24, p. 1]. However, Plaintiff did not document his additional efforts, i.e. specify which specific attorneys he contacted. As the court earlier noted, there are at least 300 attorneys in the Monroe, Louisiana area, plus exponentially more attorneys statewide. Although Plaintiff has now shown some effort to retain counsel, it is also manifest that he has only scratched the proverbial surface.

While the court finds that Plaintiff has made some effort to contact attorneys on his own behalf, the court also finds that his efforts lack sufficient diligence to weigh heavily in favor of the appointment of counsel.

Finally, Plaintiff alleges that due to his mental state he lacks the capacity to represent himself. *Id.* at 2. The Court notes that this Complaint is neither factually nor legally complex. The Plaintiff has set out the factual basis for his claim in his Complaint, which reflects that he understands the proceedings and can address the issues presented. The Plaintiff has filed motions with the Court and has partially participated in the discovery process through the exchange of initial disclosures. The Plaintiff has adequately presented his case thus far and does not appear to come within the standard established by Title VII and this Circuit. *See e.g., Calton v. Johnson*, 307 F. App'x 809, 810-11 (5th Cir. 2009) (District Court did not appoint counsel for a defendant affected by mental illness and medication since the defendant "consistently filed coherent pleadings that demonstrated his ability to articulate the factual and legal issues of this case.").

Plaintiff has not made the requisite showing with respect to his Motion for reconsideration; consequently, Plaintiff's Motion for a Temporary Stay of the Proceedings is deemed moot, and is DENIED, as such.

**IT IS ORDERED** that Plaintiff's Motion for reconsideration and Stay of the Proceedings be **DENIED**.

Signed this 31st day of August, 2015, in chambers in Monroe, Louisiana.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE