UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **LAVON JONES, JR** | * | **CIVIL ACTION NO. 14-3175** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **STEEL FABRICATORS OF MONROE LLC** | * | **MAG. JUDGE KAREN L. HAYES** |

## MEMORANDUM ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion for protective order and motion to quash subpoena [doc. # 18] filed by Plaintiff Lavon Jones, Jr. Additionally before the undersigned Magistrate Judge is a motion to dismiss Plaintiff's claims in their entirety or in the alternative to compel Plaintiff to attend his deposition filed by Defendant Steel Fabricators of Monroe, LLC. [doc. # 22]. Defendant also moves for an associated request for fees, costs, and/or expenses. *Id.* For reasons assigned below, the Plaintiff's motion is GRANTED IN PART and DENIED IN PART. Defendant's motion is GRANTED IN PART and DENIED IN PART.[1]

### Background

On November 3, 2014, Lavon Jones, Jr. filed the instant complaint pursuant to Title VII

---

[1] As the motion for sanctions is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).
  However, because the motion to dismiss is potentially dispositive, the undersigned will incorporate that component of the analysis into a separate report and recommendation.

of the Civil Rights Act against Steel fabricators of Monroe, LLC.[2] [doc. #1]. Jones asserts that on May 21, 2014, he went to the Human Resources of Steel Fabricators of Monroe to request being removed from operating the ABL machine. [doc. # 8, p. 2]. Jones cited "some personal issues that he was having outside of work," in his request to Mike Nelson with Human Resources. *Id.* According to Jones, Nelson then directed him to meet with Human Resource Personnel, Phil Stansell, and Plant Manager Joe Cooper. *Id.* During this meeting Jones was offered the chance to resign in lieu of termination, but he declined. *Id.* Jones was subsequently terminated by Steel Fabricators of Monroe. *Id.*

Plaintiff alleges that Steel Fabricators had allowed white employees to take a leave of absence;, however, the company only provided Jones, an African-American, with an ultimatum to resign or be terminated. [doc. # 1, p. 3]. On July 23, 2014, Plaintiff filed a Charge of Discrimination with the Equal Opportunity Commission, alleging racial discrimination. [doc. # 1-1, p. 8]. Plaintiff received a written Notice of his Right to Sue on August 5, 2014. *Id*. at 7.

Defendant alleges that Plaintiff has continually dodged its attempts, beginning in March 2015, to schedule Plaintiff's deposition. *See* [docs. # 22-2, p. 3; # 22-1]. Plaintiff failed to respond or was evasive[3] to multiple requests to set the initial date for his deposition from March 10, 2015 to May 20, 2015. [doc. # 22, p. 5]. After the Rule 26(f) case management conference, the Defendant sent an email to Plaintiff confirming that his deposition had been set for the week

---

[2] Although Plaintiff originally asserted allegations under numerous federal statutes, his amended complaint only alleges jurisdiction pursuant to Title VII of the Civil Rights Act. [doc. # 8].

[3] The Plaintiff stated in his response to Defendant's attempt to schedule a deposition, "[T]he presiding judge has not issued a Scheduling Order to deadline deposition, interrogatoried [sic], and etc., so what's the rush? Until then, I will exploit this time allowed to consult with legal counselors. Thank you!" [doc. # 22-5, p. 6].

of July 6, 2015. [doc. # 22-5, p. 13]. On June 13, 2015, Plaintiff cancelled his deposition scheduled for the week of July 6, 2015.[4] [doc. # 22, p. 6]. A month later on July 13, 2015, Plaintiff provided dates and the parties scheduled the deposition for July 27, 2015, at 9:30 a.m. in Monroe, LA. [doc. # 22-5, p. 20]. On July 23, 2015, Plaintiff cancelled his second scheduled deposition because he had to work and was currently under financial hardships. *Id.* at 24. The deposition was again rescheduled for August 11, 2015 and was again cancelled by Plaintiff four days before the deposition citing that he was blind sided and unprepared. [doc. # 22, p. 8-9].

Plaintiff filed a motion for a preliminary injunction on August 17, 2015, concerning disputes between the parties during discovery. [doc. # 18]. The motion was denied on August 18, 2015; however, the matter was referred to the undersigned judge to address the discovery disputes raised in his motion. [doc. # 19]. On September 8, 2015 Defendant filed its opposition. [doc. # 29]. Plaintiff did not file a reply memorandum, and the time to do so has lapsed. *See* Notice of Motion Setting [doc. # 20]. Thus, the matter is ripe.

On August 24, 2015, Defendant filed a motion to dismiss or in the alternative to compel the deposition of Plaintiff. [doc. # 22]. Additionally, Defendant seeks attorneys' fees and costs in bringing the motion. *Id.* Plaintiff filed its opposition on September 14, 2015. [doc. # 31]. Defendant did not file a reply memorandum, and the time to do so has lapsed. *See* Notice of Motion Setting [doc. # 25]. Thus, the matter is ripe.

<strong><u>Discussion</u></strong>

**I.       Plaintiff's Discovery Motions**

    <u>a. Request for Production No. 6</u>

---

[4] "I will contact you at the earliest on rescheduling the deposition. However, the judge put an order in place that the deposition motion deadline is Nov. 6, 2015, so we have plenty of time to mutually reschedule a date." [doc. # 22-5, p. 16].

In Plaintiff's motion for preliminary injunction, he asserts that the court should prevent Defendant's attempts to gain irrelevant information concerning Plaintiff's arrest record. [doc. # 18]. Defendant sent seven requests for production of documents on Plaintiff on May 20, 2015. On July 19, 2015, Plaintiff responded to the requests for production of documents. [docs. # 18-1, p. 5; # 29, p. 2]. The request in dispute between the parties is the request for production no. 6, which requests, "[p]lease produce a copy of all documents relating to any court matter, civil or criminal, in which you have been a party." [doc. # 18-1, p. 5]. Plaintiff responded that he did not have possession of documents to any past civil matters, and refused to discuss an on going matter because it is "under case review and can not be discussed to preclude being compromised." *Id.* Plaintiff cited FED. R. CIV. P. 45(E)(2) to support his claim.[5] *Id.*

Upon a showing of good cause, a court may issue an order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including [an order] . . . specifying terms . . . for the disclosure or discovery . . ." FED. R. CIV. P. 26(c)(1)(B). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). The party seeking the protective order must establish good cause for the entry of the order by making a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (1981); *see also In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998).

The request made by Defendant for documents concerning past civil and criminal matters is relevant and discoverable in this case. Under Rule 34, "a party may serve on any other party a

---

[5] As Defendant notes in his opposition, FED. R. CIV. P. 45 applies to subpoenas and not requests for production of documents. [doc. # 29, p. 2].

request within the scope of Rule 26(b) . . . to produce . . . any designated documents . . . or any tangible things" that are within the "party's possession, custody, or control . . . ." FED. R. CIV. P. 34(a)(1). Rule 26(b) provides, in turn, that

> [u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence . . . .

FED. R. CIV. P. 26(b)(1).

Defendant contends that, and the Court agrees, that Plaintiff's criminal record is relevant to whether Plaintiff was truthful in his application to Steel Fabricators. Moreover, Defendant states that Steel Fabrications no longer seeks the request for production no. 6 and has already obtained the information through a lawful search of court records. Since Defendant no longer seeks this information and is not compelling production from Plaintiff, this claim is denied as moot.

b. Defendant's Request for Plaintiff's Consent to Amend Answer

Plaintiff asserts that defense counsel is "harassing Plaintiff by sending out threats solely on hearsay, acknowledging his attempt to amend information to this Court from an existing case." [doc. # 18, p. 2]. The harassing threats allegedly sent by defense counsel appear to be merely correspondence in accordance with Local Rule 7.4.1.[6] The Court finds that the emails sent

---

[6] LR 7.4.1 requires that "[p]rior to filing [a motion to amend pleadings] . . . , the moving party shall attempt to obtain consent for the filing and granting of such motion from all parties having an interest to oppose . . . ."

5

to Plaintiff concerning the amendment to Defendant's answer does not warrant a protective order. Also like the request for production no. 6, the amendment of Defendant's answer has already been granted, thus making a motion for a protective order on these grounds moot. [doc. # 23].

    c. Motion to Quash Subpoena

    Plaintiff contends that subpoenas duces tecum served on Plaintiff's existing employers will cause him irreparable harm because some of the information requested has private information such as "bank account file, driver['s license] number, Tax W-2 & W-4 form and etc. . . .". [doc. # 18, p.2]. The Plaintiff alleges that allowing access to this information will subject Plaintiff to identity theft and fraud. [doc. # 18, p.2].

    As an initial matter, Plaintiff does have standing to contest the subpoena served on Plaintiff's current employer due to the nature of the information sought in the subpoenas. *Keybank Nat'l Ass'n v. Perkins Rowe Assocs., LLC*, 2011 WL 90108, at *2 (M. D. La. Jan. 11, 2011) (defendants had standing to challenge third-party subpoenas seeking their bank records). Rule 45 governs the issuance of subpoenas, and provides that on a timely motion, the issuing court must quash or modify a subpoena if it requires disclosure of privileged or other protected matter. FED. R. CIV. P. 45(c)(3). Subpoenas issued for discovery purposes, such as those at issue here, are also subject to the discovery limitations outlined in Rule 26(b). *See Richardson v. Axion Logistics, LLC*, 2013 WL 5554641, at *5 (M. D. La. Oct. 7, 2013); *Hussey v. State Farm Lloyds Ins. Co.*, 216 F.R.D. 591, 596 (E. D. Tex. 2003); 9A Wright & Miller, Federal Practice & Procedure 2d § 2459 ("Of course, the matter sought by the party issuing the subpoena must be reasonably calculated to lead to admissible evidence as is required by the last sentence of Rule 26(b)(1).").

6

Here, the Plaintiff alleges a racial discrimination case against his former employer. Defendant argues that the evidence sought in the subpoena to Plaintiff's current employers is relevant to Plaintiff's duty to mitigate damages by finding comparable employment, as well as reducing any potential lost wage award Plaintiff could recover from Defendant. [doc. # 29, p. 4]. A successful Title VII claimant has a statutory duty to minimize and mitigate damages. *Sellers v. Delgado College*, 902 F.2d 1189, 1193 (5th Cir. 1990), *cert. denied*, 498 U.S. 987 (1990) (The duty is met if plaintiff used reasonable diligence to obtain "substantially equivalent" employment). The court finds that the requested records are relevant and appear reasonably calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1). Nonetheless, the subpoenaed information contains materials such as Defendant's social security number, bank account number and driver's license number. [doc. # 18-2]. Due to the sensitive and personal nature of some of the records obtained, the court will enter a protective order to govern their use in the course of these proceedings. *See* below.[7]

## II. Defendant's Motion to Dismiss

FED. R. CIV. P. 37(d) provides for sanctions under Rule 37(b)(2)(A)(i)-(vi) if a party fails to attend his own deposition, or fails to answer requests for production of documents. Rule 37(b)(2)(A)(v), in turn, provides for dismissal of an action in whole or in part. If a parties fails to appear for his deposition, the court may also issue the following sanctions:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated

---

[7] Upon a showing of good cause, a court may issue an order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

>claims or defenses, or from introducing designated matters in evidence;
>
>(iii) striking pleadings in whole or in part;
>
>(iv) staying further proceedings until the order is obeyed;
>
>(v) dismissing the action or proceeding in whole or in part;
>
>(vi) rendering a default judgment against the disobedient party; or
>
>(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FED. R. CIV. P. 37(b)(2)(A)(i)-(vii). In addition, Federal Rule of Civil Procedure 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b) (in pertinent part). Ultimately, exercise of the power to dismiss is committed to the sound discretion of the district courts. *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978).

Here, Plaintiff has failed to offer any satisfactory explanation substantially justifying his lack of cooperation in scheduling or attending his deposition. Despite Plaintiff's evasiveness and untimely adherence to the discovery process, his *pro se* status invokes certain judicial restraint. However, Plaintiff should consider himself fully and duly warned by this Recommendation and Order. If Plaintiff fails to attend his deposition, or fails to make a good faith attempt to answer appropriate questions fully and to the best of his knowledge and ability, the Court will recommend that his case be dismissed. *See Kabbe v. Rotan Mosle, Inc.*, 752 F.2d 1083, 1084 (5th Cir. 1985) (where the plaintiff failed to appear for deposition three times, the court granted immediate dismissal of the cause of action with prejudice).

### III. Defendant's Motion for Attorney's Fees and Costs

Rule 37 mandates the award of attorney's fees in most cases, regardless of what other

sanctions are imposed. "[T]he court must order the disobedient party, . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Rule 37(d)(3). In light of the Plaintiff's *pro se* status and his current financial hardships, the Court finds that the imposition of sanctions are not warranted upon this motion. However, further failure to attend depositions or failure to comply with court orders will result in sanctions on Plaintiff of attorney's fees and costs.

## Conclusion

For the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiff SHALL appear for his deposition at a time and place set forth by Defendants to occur no later than October 31, 2015. Plaintiff may not unilaterally decline to attend or attempt to justify a decision not to attend on any allegations of being blind sided or unprepared. Plaintiff's failure to comply with this Order will result in the Court recommending that his case be dismissed pursuant to FED. R. CIV. P. 37 and/or 41(b).

IT IS ORDERED that Defendant's motion to dismiss and request for attorney's fees [doc. # 22] are DENIED.

IT IS ORDERED that Plaintiff's motion to quash subpoena duces tecum [doc. # 18] is DENIED.

IT IS FURTHER ORDERED that the disclosure of Plaintiff, Lavon Jones Jr.'s employment records shall be conducted pursuant to the following terms, restrictions and conditions,

   1. Information contained in Plaintiff's employment records shall be disclosed only to counsel of record in this action or only to individuals certified by such counsel as employed by or assisting counsel in preparation for, or at the trial of, this action.

2. Any such documents or information shall be used only for the purpose of litigating this action; and

3. To the extent that any such documents or information are filed in the record of these proceedings, they shall be filed under seal.

4. Exhibit C to Plaintiff's motion for preliminary injunction will be redacted. [doc. # 18-2]. Defense counsel will redact Plaintiff's personal identifiers including his address, social security number, driver's license number, bank account number, phone number and email address from any future exhibit.

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 25th day of September 2015.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE