UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **LAVON JONES, JR.** | **CIVIL ACTION NO. 14-3175** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **STEEL FABRICATORS OF MONROE, LLC.** | **MAG. JUDGE KAREN L. HAYES** |

**RULING**

Pending before the Court are Defendant Steel Fabricators of Monroe, LLC's ("Steel Fabricators") motion to dismiss, contained within its "Motion to Dismiss/Alternatively, Motion to Compel Deposition & Motion for Attorneys' Fees and Costs" [Doc. No. 22] and Plaintiff Lavon Jones, Jr.'s ("Jones") motion to dismiss [Doc. No. 36].

On September 25, 2015, Magistrate Judge Karen L. Hayes issued a Memorandum Order [Doc. No. 34]. In that order, Magistrate Judge Hayes ruled on discovery disputes between the parties. Additionally, she found that Jones "failed to offer any satisfactory explanation substantially justifying his lack of cooperation in scheduling or attending his deposition." *Id.* at p. 8. While noting his *pro se* status, she further warned that if Jones "fails to attend his deposition, or fails to make a good faith attempt to answer appropriate questions fully and to the best of his knowledge and ability, the Court will recommend that his case be dismissed" with prejudice. *Id.* Again noting his *pro se* status and taking his financial hardship into consideration, she denied Steel Fabricators' motion for attorneys' fees and costs.

In a separate Report and Recommendation [Doc. No. 35], Magistrate Judge Hayes recommended that the Court deny Steel Fabricators' motion to dismiss.

Neither party filed an appeal of Magistrate Judge Hayes' Memorandum Order or an objection to her Report and Recommendation. However, on September 28, 2015, Jones filed a motion to

dismiss [Doc. No. 36] in which he states: "I am the Plaintiff in this matter and I voluntarily dismiss this lawsuit pursuant to Federal Rule of Civil Procedure 41(a). Such dismissal shall be without prejudice, with each side to bear its own costs and fees."

On October 5, 2015, Steel Fabricators filed a response [Doc. No. 37] to Jones' motion to dismiss. In that response, Steel Fabricators moved the Court to either dismiss Jones' lawsuit **with** prejudice or, in the alternative, to deny his motion to dismiss and order Jones to present himself for deposition on the previously scheduled date of October 15, 2015. In support of its position, Steel Fabricators argues that its ability to defend this lawsuit has been prejudiced by Jones' refusal to sit for his deposition. Now that the discovery deadline is set to expire on October 22, 2015, and the dispositive motion deadline is set to expire on November 16, 2015, Steel Fabricators believes that Jones is attempting to dismiss his lawsuit without prejudice to re-file in another court.

Prior to filing its response, Steel Fabricators' counsel emailed Jones to request that they file a joint stipulation of dismissal with prejudice. Jones' response is telling. He states that Steel Fabricators

> caused me and my family financial hardship, alone [sic] with other pain and suffering. As far as you, you f***** with my employment and publicizing my confidential information putting my identities at risk. Now you and your client have the audacity to ask me this. I have rights to bring up charges, against your action holding your client liable for jeopardizing my employment. You and your client don't have to sign sh**. I'm not stupid. You got favor with the judges in the lower court. The only reason I'm attempting to dismiss my complaint is to prevent going through the trouble having my case moved to another district and medically I [sic] cannot sustain to move forward alone. However, if I decide to return my complaint back to court a representative will do it for me and it will be a far more different ball game than what you're allowed to play. You want it to be without [sic] prejudice you pay me $60,000.00 to cover medical expenses and other grief. And if I'm compelled to continue then it will be. Otherwise you do what you wish.

[Doc. No. 37-1]. Based on this email and Jones' history of both dishonesty and criminal activity,

Steel Fabricators argues that Jones is abusing the system pursuing a case which has no merit, as his previous attorney told him. Steel Fabricators contends that Jones is aware that there is no real threat against him because it could never recover attorneys' fees and costs from Jones, even if fees and costs were awarded. Accordingly, Steel Fabricators argues that the Court should dismiss the case with prejudice. In the alternative, Steel Fabricators argues that the Court should reject Jones' motion to dismiss without prejudice and order him to present himself for deposition on October 15, 2015. If he fails to do so, Steel Fabricators moves for dismissal of this lawsuit with prejudice.

First, the Court hereby ADOPTS the Report and Recommendation of Magistrate Judge Hayes and DENIES Steel Fabricators' motion to dismiss [Doc. No. 22]. However, the Court notes further that Magistrate Judge Hayes' Memorandum Order [Doc. No. 34] stands, and Jones has already been ordered to attend his deposition on October 15, 2015, unless the Court takes other action.

Moreover, contrary to Jones' apparent belief, he is not entitled to voluntarily dismiss his action without action of the Court. Pursuant to Federal Rule of Civil Procedure 41(a)(1), a plaintiff may dismiss his action without a court order only if (1) he files the notice of dismissal before the opposing party files either its answer or a motion for summary judgment, or (2) the stipulation of dismissal is signed "by all parties who have appeared." Thus, under Rule 41(a)(2), a plaintiff is required to obtain a "court order, on terms that the court considers proper[,]" to have his lawsuit dismissed. FED. R. CIV. P. 41(a)(2). Unless the order states otherwise, such a dismissal is without prejudice. *Id.*

The "right to voluntarily dismiss without prejudice is not absolute. Rather, dismissal on Motion under Rule 41(a)(2) is within the sound discretion of the court . . . ." *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976). "The primary purpose in entrusting dismissal to the

3

supervision of the court under Rule 41(a)(2) is to protect the non-movant from unfair treatment." *Ikospentakis v. Thalassic S.S. Agency*, 915 F.2d 176, 179 (5th Cir. 1990). Generally, dismissal should be allowed except where the defendant "will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Holiday Queen Land Corp. v. Baker*, 489 F.2d 1031, 1032 (5th Cir. 1974) (quoting *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366 (5th Cir. 1967)).

In this case, the Court finds that dismissal without prejudice should not be permitted at this stage of the litigation. As Magistrate Judge Hayes found, Jones has refused to attend his deposition or to answer discovery inquiries which are relevant to his lawsuit without justifiable reason. As Steel Fabricators further points out, an award of attorneys' fees and costs will not address any prejudice to it because such an award would be uncollectible. Thus, under these circumstances, the Court hereby DENIES Jones' motion to dismiss his lawsuit without prejudice.

However, the Court finds that dismissal of his lawsuit with prejudice is not warranted at this point, and, therefore, DENIES the motion contained in Steel Fabricators' response [Doc. No. 37]. Jones has already been ordered to attend his deposition on October 15, 2015, and the Court hereby adopts and reiterates Magistrate Judge Hayes' order. To this extent, the Court GRANTS the alternative motion contained in Steel Fabricators' response. Magistrate Judge Hayes has warned Jones, and the Court also warns Jones: **if he fails to attend his deposition, he risks dismissal of his lawsuit with prejudice**.

MONROE, LOUISIANA, this 14th day of October, 2015.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE